■ DONNA L. BISHOP, Respondent, v WILLIAM R. SUMNER, Appellant.— Appeal from a judgment of the Supreme Court, entered January 20, 1978 in Chenango County, upon a verdict rendered at a Trial Term, in favor of plaintiff. At about 7:30 P.M. in the evening of April 15, 1975, plaintiff was riding as a passenger on defendant's 1974 Honda 750 motorcycle. They were proceeding northerly on East River Road at a speed of about 50 miles per hour, according to defendant, or 60 miles per hour, according to plaintiff. It was dark, but the night was clear and moonlit. Plaintiff testified that, as they were proceeding along the road, she saw a deer facing east near the left side of the road about 300 feet ahead. Defendant testified he saw the deer facing west near the shoulder of the road when the headlight of the motorcycle reflected off its eyes. On cross-examination, plaintiff testified that the deer was about half the length of a football field away when she first saw it. As they approached the deer, it bolted into the road, and defendant veered to the left into the southbound lane, and accelerated in an effort to avoid the animal. The deer brushed defendant's right leg and came in contact with plaintiff's right arm, resulting in an injury to the arm. Defendant managed to keep the motorcycle upright, and he returned to the northbound lane where he slowed down to about 25 miles per hour, and plaintiff told him that her arm was injured. They then proceeded immediately to the hospital. Defendant, as an operator of a motorcycle, had a legal duty to operate his vehicle at a speed that was reasonable and prudent under conditions with regard to the actual and potential hazards then existing. The evidence established that plaintiff apprehended defendant's speed as dangerous, and plaintiff tapped defendant as a pre-arranged signal for defendant to slow down. Defendant admitted that he could have stopped, but, instead, decided to outrun the deer. Defendant further admitted that he lived in the area of the accident for 24 years of his life, and was familiar with the hazard of deer on the roadway. The evidence clearly established that defendant was traveling at an imprudent rate of speed prior to the accident, and the entire record supports the verdict of the jury in favor of the plaintiff. Judgment affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.