■ WILLARD J. BACHMAN, JR., et al., as Parents and Natural Guardians of DEREK M. BACHMAN, an Infant, Appellants-Respondents, v ROBERT COOK, Respondent, and DANIEL SPEZIO, Appellant. [722 NYS2d 332] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this negligence action on behalf of their infant son, Derek M. Bachman, who sustained injuries while in-line skating. It is undisputed that Derek was properly in-line skating with his friends single-file along the right-hand shoulder of the road (*see,* Vehicle and

Traffic Law § 1234 [a], [b]). Defendant Daniel Spezio approached Derek from behind in his vehicle, while defendant Robert Cook approached Derek from the opposite direction in his vehicle. Spezio signed "a deposition of fact" on the day of the accident admitting that he sounded his horn as he approached Derek, but later denied that he had sounded his horn. At the sound of the horn, Derek turned to look at Spezio's vehicle, and then skated diagonally into the opposing lane of traffic, colliding with Cook's vehicle. Spezio was able to bring his vehicle to a complete stop before reaching Derek.

Supreme Court properly granted the motion of Cook for summary judgment dismissing the complaint and cross claim against him. In support of his motion, Cook submitted his deposition testimony establishing that he saw Derek skating on the opposite side of the road one-quarter to one-half mile away from him. He suddenly heard the sound of Derek colliding with his vehicle but did not see Derek coming toward him. In opposition to the motion, plaintiffs failed to raise an issue of fact whether Cook had sufficient time to react to Derek's suddenly crossing the road (see, McKeaveney v Reiffert, 268 AD2d 411; Rocourt v Kelly, 239 AD2d 483).

The court erred, however, in denying the motion of Spezio for summary judgment dismissing the complaint and cross claim against him, and thus we modify the order accordingly. Vehicle and Traffic Law § 1146 provides that every driver of a vehicle shall give warning to any bicyclist, pedestrian, or domestic animal "by sounding the horn when necessary." Although plaintiffs agree that the statute also extends to in-line skaters, they argue that Spezio was negligent in sounding his horn because it startled Derek and caused him to swerve across the road. We disagree. Even assuming, arguendo, that Spezio sounded his horn, we conclude that, while it may not have been necessary for Spezio to sound his horn under these circumstances, as a matter of law he was not negligent in doing so (see generally, Wall v Merkert, 166 App Div 608, 610-611). (Appeals from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.