■ JUDY MEAGHER, Individually and as Administratrix of the Estate of MICHAEL P. MEAGHER, Deceased, Respondent, v MICHAEL G. GREIS, Appellant and Third-Party Plaintiff. NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Third-Party Defendants-Appellants. [723 NYS2d 739] —Order unanimously reversed on the law without costs, motions granted and complaint and amended third-party complaint dismissed. Memorandum: Plaintiff commenced this wrongful death action after plaintiff's decedent was killed while a passenger in a vehicle owned by third-party defendant National Fuel Gas Distribution Corporation and driven by third-party defendant Joseph A. Becker. Defendant's vehicle struck a deer that was running across the road, propelling the deer into the windshield of the oncoming vehicle driven by Becker. Plaintiff's decedent was killed when the deer crashed through the windshield.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint and third-party defendants' motion for summary judgment dismissing the amended third-party complaint. The accident occurred during the afternoon on a dry, sunny day. Defendant and third-party defendants submitted evidence establishing that the deer ran from a bushy area to the right of defendant across the road in front of defendant's vehicle. Defendant did not see the deer until it was less than 10 feet in front of his vehicle, and he had time only to take his foot off the accelerator and brace his hands on the steering wheel for impact. Becker did not see the deer

until it was at the edge of the road, "very, very close" to defendant's vehicle. Within seconds after hitting defendant's vehicle, the deer struck the vehicle driven by Becker. In opposition to the motions, plaintiff failed to raise an issue of fact whether defendant or Becker had sufficient time to react when the deer suddenly crossed the road (*see, Bachman v Cook,* 281 AD2d 938). The opinion of plaintiff's accident reconstructionist that defendant and Becker could have done something to avoid the accident was based on speculation and was therefore insufficient to raise a triable issue of fact (*see, Fiore v Mitrowitz,* 280 AD2d 919). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.