■ PINA SEYMOUR, Individually and as Administratrix of the Estate of JEFFREY J. SEYMOUR, Deceased, Respondent, v RICHARD OBREZA TRUCKING, INC., et al., Appellants. [732 NYS2d 309] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint in this wrongful death action. Plaintiff's decedent was killed when the vehicle that he was driving on Route 28 in Herkimer collided with a tractor-trailer operated by defendant John Kroll and owned by defendant Richard Obreza Trucking, Inc. Defendants contend that the complaint should be dismissed pursuant to the emergency doctrine based upon proof that the accident occurred after plaintiff's decedent crossed the center line into

Kroll's lane of traffic. We disagree. To meet their initial burden on the motion, defendants had to establish both that the vehicle driven by plaintiff's decedent "suddenly entered the lane where [Kroll] was operating the [tractor-trailer] in a lawful and prudent manner and that there was nothing [Kroll] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822). Here, defendants' own submissions raise issues of fact whether Kroll was traveling at an excessive speed or was otherwise negligent in failing to take sufficient evasive action and in crossing the center line himself. *Gouchie v Gill* (198 AD2d 862) and *Moshier v Phoenix Cent. School Dist.* (199 AD2d 1019, *affd for reasons stated* 83 NY2d 947) are not to the contrary on their facts. (Appeal from Order of Supreme Court, Herkimer County, Murad, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.