■ Matthew Behr et al., Respondents, v Donald C. Graham, Appellant. [740 NYS2d 179] —Appeal from an order of Supreme Court, Erie County (Cosgrove, J.), entered April 10, 2001, which granted plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on the issue of liability. Defendant, who was traveling eastbound, was stopped in the left turn lane with his turn signal engaged. According to his deposition testimony, he believed that the westbound lanes were clear except for some vehicles that were "farther to the east," and he began making the left turn into the driveway of a muffler shop. Matthew Behr (plaintiff), who was traveling westbound in the curb lane, hit the right rear of defendant's vehicle with such force that defendant's vehicle spun 360 degrees before coming to rest on the lawn of the muffler shop.

In support of their motion, plaintiffs submitted one page of the transcript of the deposition testimony of plaintiff, wherein he stated that he "swerved the wheel to the left and slammed on the brakes" when he first observed defendant's vehicle. In response to defendant's submissions in opposition to the motion and in further support of the motion, plaintiffs submitted a further portion of plaintiff's deposition testimony, wherein plaintiff stated that he was traveling at 35 miles per hour when he first observed defendant's vehicle about 700 feet ahead from the point of impact. He also stated that the roadway was wet and that there were no vehicles in the lane to his left.

To establish their entitlement to partial summary judgment on liability, plaintiffs had to establish as a matter of law both that defendant was negligent and that plaintiff was operating his vehicle "in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822; see also, *Seymour v Obreza Trucking*, 288 AD2d 831). Plaintiffs' own submissions raise a triable issue of fact whether plaintiff was traveling at an excessive speed given the condition of the roadway or was otherwise negligent in failing to take sufficient evasive action (*see, Seymour v Obreza Trucking, supra*). Thus, plaintiffs failed to establish their entitlement to partial sum-

mary judgment on liability. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.