■ TAMIE FRATANGELO, as Parent and Natural Guardian of LYNN BENSON and Another, Infants, Respondent, v BRENDAN V. BENSON et al., Appellants and Third-Party Plaintiffs-Appellants. JAMES J. HANDVILLE, Third-Party Defendant-Respondent. [741 NYS2d 798] —Appeal from an order of Supreme Court, Cayuga County (Contiguglia, J.), entered May 16, 2001, which denied the motion of defendants-third-party plaintiffs seeking, inter alia, summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendants-third-party plaintiffs seeking summary judgment dismissing the complaint and seeking partial summary judgment on liability on the third-party complaint. Plaintiff commenced the main action on behalf of her children, Lynn and Sean Benson, seeking damages for injuries that they sustained while passengers in a vehicle driven by their father, Brendan V. Benson (defendant), and owned by his wife, defendant Dianna L. Benson. According to the deposition testimony of defendant, he was driving eastbound on Route 104A in the Town of Oswego at a legal rate of speed and in his proper lane of travel when a vehicle operated by third-party defendant, James

J. Handville, approached from the opposite direction, crossed the center line, and struck defendant's vehicle. However, defendant also testified at his deposition that he was able to see Handville's vehicle one-half mile away and that, at that time, the vehicle was swerving and fishtailing across the center line. Defendant did not come to a complete stop or move his vehicle to either shoulder of the road in an attempt to avoid the collision with Handville's vehicle. Indeed, the record indicates that the only evasive action taken by defendant was to veer to the left just seconds before the collision. To meet his initial burden on the motion, defendant had to establish both that Handville's vehicle "suddenly entered the lane where [defendant] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [defendant] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822; *see Seymour v Obreza Trucking*, 288 AD2d 831, 832). Here, defendant's own deposition testimony submitted in support of the motion raises an issue of fact whether defendant was negligent in failing to take sufficient evasive action.

Defendants further contend that plaintiff's action is barred by collateral estoppel because the New York State Department of Motor Vehicles (DMV) found that Handville failed to keep right, in violation of Vehicle and Traffic Law § 1120 (a). That contention is without merit. The DMV's finding is not dispositive of the issues presented herein. Moreover, not all of the parties herein were part of the proceeding before the DMV. "[I]denticality and decisiveness of the issue[s]" is required for collateral estoppel (*Ryan v New York Tel. Co.*, 62 NY2d 494, 501), and neither is present here. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.