■ LILLIAN M. GREENWELL, Respondent, v LIZA M. MOODY et al., Appellants-Respondents, CHRISTINA M. BAKER, Respondent-Appellant, and KELLY LAMB, Respondent. (Action No. 1.) KARIANN PRIOLO, Respondent, v LIZA M. MOODY et al., Appellants-Respondents, CHRISTINA M. BAKER, Respondent-Appellant, and KELLY LAMB, Respondent. (Action No. 2.) JOHN CORRADO, Respondent, v LIZA M. MOODY et al., Appellants-Respondents, and CHRISTINA M. BAKER, Respondent-Appellant. (Action No. 3.) [744 NYS2d 745] —Appeals from an order of Supreme Court, Onondaga County (Stone, J.), entered August 23, 2001, which, inter alia, denied the motion of defendants Liza M. Moody and Marie A. Morris seeking, inter alia, summary judgment dismissing the complaint in action Nos. 1 and 2 against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendants Liza M. Moody and Marie A. Morris seeking summary judgment dismissing the complaint in action Nos. 1 and 2 against them and seeking summary judgment on their cross claims. Those defendants contend that they established as a matter of law both that the emergency doctrine applies with respect to them and that, even if they were negligent, that negligence was not a proximate cause of plaintiffs' injuries in action Nos. 1 and 2. We disagree. With respect to the emergency doctrine, "[w]hether the circumstances constituted a 'sudden emergency' and whether [Moody's] conduct was reasonable in light of those circumstances are issues for the trier of fact" (*Lauricella v McKinney*, 284 AD2d 939, 939; *see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327, *rearg denied* 77 NY2d 990; *Ferrer v Harris*, 55 NY2d 285, 292-293, *mot to amend remittitur granted* 56 NY2d 737). In addition, the police report prepared following the accident contains the admission of Moody that "she took the curve of the ramp too fast and the road was slippery[,] causing her to hit the embankment" (*see generally Newman v Vetrano*, 283 AD2d 264). That admission raises an issue of fact whether "any emergency situation in which [Moody] found [herself] was caused or contributed to by [her] own negligent conduct," thus negating the applicability of the emergency doctrine (*Rappold v Snorac, Inc.* [appeal No. 7], 289 AD2d 1044, 1046; *see Caristo v Sanzone*, 96 NY2d 172, 174-175). With respect to proximate cause, those defendants failed to meet their initial burden of establishing that the alleged negligence of Moody in losing control of her vehicle was "so remote in time from plaintiff[s'] injuries 'as to preclude recovery as a matter of law' " (*Weary v Holmes*, 249 AD2d 957, 958).

The court also properly denied the cross motion of defendant Christina M. Baker seeking summary judgment dismissing the complaint and cross claims in each action against her. Baker met her initial burden of establishing the applicability of the emergency doctrine based on her deposition testimony that she was suddenly confronted by the Moody vehicle upon rounding the curve and could not stop in enough time. We conclude, however, that plaintiff Lillian M. Greenwell raised a triable issue of fact whether the doctrine applies by submitting the affidavit of another motorist stating that he was able to slow down and avoid any collision upon approaching the accident scene (*see Cookingham v Spakowski*, 290 AD2d 638; *see also Rap-*

*pold,* 289 AD2d at 1046; *Lauricella,* 284 AD2d 939). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.