■ CLYDE BLATTENBERGER, Respondent, v CITY OF BUFFALO-PUBLIC WORKS DEPT., et al., Defendants, and MARION L. WANSART, as Administratrix of the Estate of CLARENCE A. WANSART, JR., Deceased, Appellant. [771 NYS2d 765]—

Appeal from an order of the Supreme Court, Erie County (Salvatore R. Martoche, J.), entered September 26, 2002. The order denied the motion of defendant Marion L. Wansart, as administratrix of the estate of Clarence A. Wansart, Jr., deceased, for summary judgment on liability in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover for personal injuries he sustained when a vehicle driven by defendant Maurice T. Ridgeway struck a vehicle driven by Clarence A. Wansart, Jr. (decedent) and then struck plaintiff. Supreme Court properly denied the motion of Marion L. Wansart, as administratrix of decedent's estate (defendant), for summary judgment on liability. Defendant met her initial burden by establishing that Ridgeway's vehicle "suddenly entered the lane

where [decedent] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [decedent] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822 [2000]; *see Fratangelo v Benson*, 294 AD2d 880, 881 [2002]; *Behr v Graham*, 292 AD2d 788 [2002]). Plaintiff, however, submitted photographs of the accident scene and the deposition testimony of the passenger in decedent's vehicle and thereby raised an issue of fact whether decedent had sufficient time and space to take evasive action and thus avoid the collision with Ridgeway's vehicle (*see Khaitov v Minevich*, 277 AD2d 805, 806 [2000]; *see also Palmer v Rouse*, 232 AD2d 909, 912 [1996]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.