■ WILLETTE HARRIS, Respondent, v EILEEN JACKSON et al., Appellants. [816 NYS2d 791]—

Appeals from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered May 18, 2005 in a personal injury action. The order, among other things, denied the motion of defendants Eileen Jackson, Bonita Jackson and Earl Jackson for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle in which she was a passenger was struck by a vehicle owned by defendant Julia M. Mays. The vehicle in which plaintiff was a passenger was owned by defendants Bonita Jackson and Earl Jackson and was driven by defendant Eileen Jackson (collectively, Jackson defendants). Supreme Court properly denied the motion of the Jackson defendants for summary judgment dismissing the complaint against them. They asserted in support of their motion that the negligence of the driver of the Mays vehicle was the sole proximate cause of the collision, but they failed to establish their entitlement to judgment as a matter of law based on that theory. Although it is undisputed that the driver of the Mays vehicle failed to stop at a stop sign, the submissions of the Jackson defendants in support of their motion reflect that Eileen Jackson had consumed alcoholic beverages earlier that night and may have been exceeding the speed limit at the time of the collision. Their submissions further establish that, although Dwight Johnson, a passenger in the Jackson vehicle, alerted Eileen Jackson that the Mays vehicle was approaching from a side street, Eileen Jackson took no evasive measures to avoid the collision. "It is well established that there may be more than one proximate cause of [a collision]" (*Doctor v Juliana*, 277 AD2d 1013, 1014 [2000]), and we conclude on the record before us that there is an issue of fact whether Eileen Jackson failed to use the requisite reasonable care in the operation of her vehicle to avoid the collision (*see id.*).

We further conclude that the court properly denied the cross

motion of Julia Mays for summary judgment dismissing the complaint and cross claim against her. Julia Mays asserted in support of her cross motion that she is not liable because her vehicle was stolen prior to the collision. Pursuant to Vehicle and Traffic Law § 388 (1), the negligence of the driver of the Mays vehicle is imputed to Julia Mays provided that the driver used the vehicle with her permission. Although there is a presumption of permissive use, "that presumption continues until rebutted by substantial evidence to the contrary" (*Greater N.Y. Mut. Ins. Co. v Clark*, 205 AD2d 857, 858 [1994], *lv denied* 84 NY2d 807 [1994]; *see Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]). The presumption is deemed rebutted when, e.g., it is established that the subject vehicle was stolen at the time the collision occurred (*see Stevens v Calspan-Corp.*, 292 AD2d 809 [2002]). We conclude that Julia Mays rebutted the presumption and thus met her initial burden on the cross motion by her assertion that her vehicle was stolen, but we nevertheless conclude that plaintiff raised a triable issue of fact to defeat the cross motion. Plaintiff presented evidence that a man named Tyrone emerged from the Mays vehicle following the collision and that Tyrone was holding a "Cricket" brand cell phone. Plaintiff further presented evidence that a "Cricket" brand cell phone was registered to Julia Mays at the time of the collision and that her 35-year-old grandson, Tyrone Mays, was staying with her on the night of the collision. When plaintiff sought to depose Tyrone Mays and to re-depose Julia Mays concerning the issues of the cell phone and the location of Tyrone Mays on the night of the collision, Julia Mays brought her cross motion, thus suspending further discovery. We conclude that it may be inferred from the record before us that Tyrone Mays was a permissive user of his grandmother's vehicle on the night of the collision, and the court therefore properly denied the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.