MATTHEW MALESKI et al., Appellants, v BRIAN LENANDER, Defendant, and JOHN MITRANO, Respondent. [831 NYS2d 810]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 1, 2006 in a personal injury action. The order, inter alia, granted the motion of defendant John Mitrano for summary judgment dismissing the complaint and cross claim against him.

It is hereby ordered that said appeal insofar as it concerns leave to amend the complaint be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: In an action to recover damages for personal injuries allegedly sustained by plaintiffs while passengers in a vehicle driven by defendant John Mitrano, plaintiffs appeal from an order that, inter alia, granted the motion of Mitrano for summary judgment dismissing the complaint and cross claim against him. We reject the contention of plaintiffs that there is a triable issue of fact whether Mitrano was negligent and thus that Supreme Court erred in granting the motion. The evidence submitted in support of the motion establishes that the accident occurred when a vehicle driven by defendant Brian Lenander turned left in front of Mitrano's vehicle as Mitrano's vehicle was proceeding through an intersection with the green light. The evidence submitted in support of the motion further establishes that Mitrano was driving at or below the speed limit and had no time to avoid the accident by braking or changing course. Mitrano thus met his burden on the motion by establishing as a matter of law that the sole proximate cause of the accident was Lenander's failure to yield the right of way (*see Pomietlasz v Smith,* 31 AD3d 1173 [2006]; *see also Doxtader v Janczuk,* 294 AD2d 859 [2002], *lv denied* 99 NY2d 505 [2003]). Plaintiffs failed to raise a triable issue of fact in response (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Furthermore, the court properly rejected the contentions of plaintiffs concerning the alleged negligence of Mitrano in allowing plaintiffs to ride unrestrained in the overcrowded back seat of his vehicle. Those contentions are "predicated, directly or indirectly, upon [Mitrano's] noncompliance with [Vehicle and Traffic Law § 1229-c (1)]," and plaintiffs thus are precluded by section 1229-c (8) from offering evidence to support them (*Bifaro v Smith*, 242 AD2d 892, 892 [1997] [internal quotation marks omitted]; *see also Baker v Keller*, 241 AD2d 947 [1997]).

The further contention of plaintiffs that the court erred in denying their request for leave to amend the complaint is not properly before this Court. Plaintiffs did not request such relief in a motion made upon notice and thus may not appeal as of right from the order insofar as it denied that relief (*see* CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333 [2003]; *Milton v 305/72 Owners Corp.*, 19 AD3d 133 [2005], *lv denied* 7 NY3d 778 [2006]), and we decline to grant leave to appeal (*see* CPLR 5701 [c]). We therefore dismiss that part of the appeal. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.