STACEY A. ROWEN et al., Respondents, v PATRICIA T. HARRIS, Defendant, and DEBRA M. MURA et al., Appellants. [844 NYS2d 789]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered July 19, 2007 in a personal injury action. The order, among other things, denied the motion of defendants Debra M. Mura, Vehicle Asset Universal Leasing Trust, also known as Vault, General Motors Acceptance Corporation, also known as GMAC, and Central Originating Lease Trust, also known as COLT, for summary judgment dismissing the complaint and cross claim against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Stacey A. Rowen (plaintiff) in a motor vehicle accident. A vehicle driven by defendant Patricia T. Harris entered the roadway and collided with plaintiff's vehicle in a northbound lane, whereupon either plaintiff's vehicle or that of Harris collided with a vehicle driven by defendant Debra M. Mura, which was traveling in a southbound lane. Supreme Court properly denied the motion of defendants-appellants (defendants) for summary judgment dismissing the complaint and cross claim against them. Defendants met their initial burden by establishing that a vehicle driven either by plaintiff or Harris " 'suddenly entered the lane where [Mura] was operating [her vehicle] in a lawful and prudent manner and that there was nothing [she] could have done to avoid the collision' " (*Wasson v Szafarski*, 6 AD3d 1182, 1182 [2004]). We conclude, however, that plaintiffs raised an issue of fact to defeat the motion by submitting the deposition testimony of a witness who stated that, as he was driving in the southbound lane behind Mura's vehicle, he observed the colli-

sion between plaintiff and Harris in the northbound lane and that he was able to stop his vehicle before any vehicles crossed over into the southbound lane. We thus conclude that plaintiffs raised an issue of fact whether Mura acted reasonably under the circumstances or whether she could have taken evasive action to avoid the collision (*see Blattenberger v City of Buffalo-Public Works Dept.*, 4 AD3d 758 [2004]; *Khaitov v Minevich*, 277 AD2d 805, 806-807 [2000]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.