ROBBIE BULLS, as Grandparent and Legal Guardian of KEYON LEE, an Infant, Appellant, v ROBERT MASSARA, JR., et al., Respondents. [897 NYS2d 817]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered December 29, 2008 in a personal injury action. The order and judgment granted the motion of defendants for summary judgment and dismissed the amended complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended complaint against defendant Nichelle Bulls and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff, as grandparent and legal guardian of his grandson, commenced this action seeking damages for injuries sustained by his grandson when the vehicle in which the grandson was a passenger, which was owned and operated by his mother, defendant Nichelle Bulls, was struck by a vehicle owned and operated by defendant Robert Massara, Jr. Contrary to plaintiff's contention, we conclude that Supreme Court properly granted the motion of Massara for summary judgment dismissing the amended complaint against him on the ground that he was not negligent. Massara met his initial burden of establishing "both that [Bulls'] vehicle 'suddenly entered the lane where [Massara] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [Massara] could have done to avoid the collision'" (*Fratangelo v Benson*, 294 AD2d 880, 881 [2002]; *see e.g. Maleski v Lenander*, 38 AD3d 1192 [2007], *lv denied* 9 NY3d 803 [2007]; *Pomietlasz v Smith*, 31 AD3d 1173 [2006]; *Rak v Kossakowski*, 24 AD3d 1191 [2005]). Neither plaintiff nor Bulls raised a triable issue of fact whether Massara was negligent in any respect (*cf. Harris v Jackson*, 30 AD3d 1027 [2006]; *Cooley v Urban*, 1 AD3d 900 [2003]).

The record establishes that Bulls joined in Massara's motion to the extent that Massara also sought summary judgment dismissing the amended complaint on the ground that plaintiff's grandson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We agree with plaintiff that the court erred in granting that part of the motion with respect to Bulls. Although Massara established his entitlement to summary judgment dismissing the amended complaint against him on the ground that he was not negligent, he failed to meet his initial burden of establishing "the absence of a serious injury as a matter of law" (*McElroy v Sivasubramaniam*, 305 AD2d 944, 945 [2003]). Thus, Bulls likewise is not entitled to summary judgment dismissing the amended complaint against her to the extent that she joined in Massara's motion on that ground. We therefore modify the order and judgment accordingly. Even assuming, arguendo, that we may consider the unsworn letter of an independent medical examiner (IME) who examined plaintiff's grandson (*see generally Grasso v Angerami*, 79 NY2d 813 [1991]), we conclude that the letter fails to establish that

plaintiff's grandson did not sustain a serious injury. The IME noted in his letter that his findings were not objective, and we thus conclude that the IME's letter does not establish by the requisite "qualitative, objective medical proof" that plaintiff's grandson did not sustain a serious injury (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Indeed, the IME documented significant losses in the range of motion in the cervical spine of plaintiff's grandson and, even if that finding was based merely on subjective evidence, we conclude at the very least that the letter of the IME itself raises a triable issue of fact whether plaintiff's grandson sustained a serious injury. Thus, the burden never shifted to plaintiff to raise an issue of fact in that respect (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Smith, Lindley and Pine, JJ.