# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

85

**CA 10-00923**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

JUDITH A. ROST, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MICHAEL A. STOLZMAN, MICHAEL OLIVER,
SUSAN OLIVER, DEFENDANTS-RESPONDENTS,
JENNIFER D. MARTINO AND GINA L. AVINO,
DEFENDANTS-APPELLANTS.

---

BARTH SULLIVAN BEHR, BUFFALO (SARAH P. RERA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANT-RESPONDENT MICHAEL A. STOLZMAN.

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS MICHAEL OLIVER AND SUSAN OLIVER.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered July 8, 2009 in a personal injury
action.  The order denied the motion of defendants Jennifer D. Martino
and Gina L. Avino for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained in an automobile accident.  Defendant Michael
A. Stolzman backed his automobile, in which plaintiff was a passenger,
out of the driveway of the home of defendants Michael Oliver and Susan
Oliver and into the path of an oncoming automobile operated by
defendant Jennifer D. Martino.  Martino was operating the automobile
with the permission of the owner, defendant Gina L. Avino.  In a prior
appeal, we concluded that Supreme Court properly denied, inter alia,
that part of the Olivers' motion seeking to dismiss the negligence
cause of action against them inasmuch as there was a triable issue of
fact whether the Olivers were negligent with respect to that accident
(*Martino v Stolzman*, 74 AD3d 1764, 1766-1767, *appeal dismissed* 15 NY3d
890, *lv granted* 79 AD3d 1832).  We conclude on this appeal that
Supreme Court properly denied the motion of Martino and Avino for
summary judgment dismissing the amended complaint against them

inasmuch as there is a triable issue of fact whether Martino was negligent in the operation of the automobile owned by Avino.

Defendants contend that the court erred in denying their motion because there is no admissible evidence indicating that Martino was negligent. We reject that contention. " '[A]n operator [of an automobile] who has the right[-]of[-]way is entitled to anticipate that other [automobiles] will obey the traffic laws that require them to yield' " (*Barile v Carroll*, 280 AD2d 988, 988; *see Hillman v Eick*, 8 AD3d 989, 991). Consequently, although " '[n]egligence cases . . . do not usually lend themselves to summary judgment' " (*Hyatt v Messana*, 67 AD3d 1400, 1401, quoting *Ugarriza v Schmieder*, 46 NY2d 471, 474), an operator of an automobile involved in an accident similar to that at issue may establish entitlement to summary judgment, i.e., that he or she was free from negligence, by demonstrating that the other automobile "suddenly entered the lane where [that driver] was operating [his or her automobile] in a lawful and prudent manner and that there was nothing [that driver] could have done to avoid the collision" (*Bulls v Massara*, 71 AD3d 1408, 1409 [internal quotation marks omitted]; *see Fratangelo v Benson*, 294 AD2d 880). Here, defendants met their initial burden on the motion by demonstrating that the accident occurred after the automobile operated by Stolzman entered the path of the oncoming automobile operated by Martino (*see e.g. DeLuca v Cerda*, 60 AD3d 721; *Yasinosky v Lenio*, 28 AD3d 652).

We further conclude, however, that plaintiff and the remaining defendants raised a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). All drivers have a general " 'duty to see that which through the proper use of [their] senses [they] should have seen' " (*Huff v Rodriguez*, 45 AD3d 1430, 1431; *see Hyatt*, 67 AD3d at 1402). Here, the papers submitted in opposition to the motion included evidence that Martino could not remember whether she was using her windshield wipers on the rainy night of the accident, that Martino had four or five drinks on that night and that Martino was prescribed the medications Zoloft and Xanax at the time of the accident. Further, although Martino testified at her deposition that she did not feel impaired by alcohol at the time of the accident, she told police at the accident scene that she had not consumed alcohol on the night of the accident and, according to Avino, Martino tried to switch seats with Avino after the impact. Moreover, Martino could not recall where she was looking prior to the accident and did not attempt to avoid colliding with the automobile operated by Stolzman. That evidence, when viewed in its entirety, raises a triable issue of fact sufficient to defeat the motion (*see Harris v Jackson*, 30 AD3d 1027, 1028; *see generally Zuckerman*, 49 NY2d at 562).

We note that, in reaching our determination, we have disregarded the affidavit of the accident reconstruction expert submitted in support of the motion inasmuch as the conclusions asserted therein "are speculative or unsupported by any evidentiary foundation" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544; *see Ciccarelli v Cotira, Inc.*, 24 AD3d 1276). Even assuming, arguendo, that the affidavit was

supported by an evidentiary foundation, we conclude that the court properly denied the motion because there is a triable issue of fact whether Martino drove in a lawful and prudent manner immediately before the accident (*see Bulls*, 71 AD3d at 1409; *Fratangelo*, 294 AD2d 880; *see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829).

Martino and Avino further contend that the court erred in denying their motion because Martino acted reasonably in response to the intrusion of the automobile operated by Stolzman into her lane of travel.  We reject that contention.  "As a general rule, 'whether a party acted prudently is a question for the trier of fact' " (*Heye v Smith*, 30 AD3d 991, 992), and " '[a] driver confronted with an emergency situation may still be found to be at fault for the resulting accident where his or her reaction is found to be unreasonable or where the prior tortious conduct of the driver contributed to bringing about the emergency' " (*Sossin v Lewis*, 9 AD3d 849, 851, *amended on rearg* 11 AD3d 1045; *see Greenwell v Moody*, 295 AD2d 954, 955).  Here, there are triable issues of fact whether Martino's reaction to the automobile operated by Stolzman was reasonable and whether any negligence on the part of Martino was a proximate cause of the accident (*see Sossin*, 9 AD3d at 851; *Greenwell*, 295 AD2d at 955; *cf. Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court