■ OPHELIA KWEH, as Guardian of the Person and Property of JOHN KWEH and Another, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 1.) OPHELIA KWEH, as Administratrix of the Estate of SAMPSON KWEH, Deceased, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 2.) PHILIP KWEH, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 3.) KADRA DAYOW, as Administratrix of the Estate of MOHAMED DAYOW, Deceased, Respondent, v OPHELIA KWEH, as Administratrix of the Estate of JUTY KWEH, Deceased, Defendant, and PATRICK D. SAMPSON et al., Appellants. (Action No. 4.) KADRA DAYOW, as Administratrix of the Estate of MOHAMED DAYOW, Deceased, Respondent, v SKINNER SALES, INC., Appellant. (Action No. 5.) [940 NYS2d 436]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered February 15, 2011 in personal injury and wrongful death actions. The order, insofar as appealed from, denied the motion of defendants Christopher C. Edmunds, Patrick D. Sampson and Skinner Sales, Inc. for summary judgment dismissing the complaints and all cross claims against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced these negligence and wrongful death actions stemming from a motor vehicle accident that occurred when a vehicle operated by decedent Juty Kweh

(Kweh) collided with a vehicle operated by defendant Christopher C. Edmunds. The collision occurred when Edmunds and Kweh were driving in opposite directions on a two-lane highway, and the vehicle driven by Kweh entered Edmunds's lane of travel. Supreme Court properly denied the motion of Edmunds, defendant Patrick D. Sampson, and defendant Skinner Sales, Inc. (hereafter, defendants) for summary judgment seeking dismissal of the complaints and all cross claims against them. In order to establish their entitlement to summary judgment based on the emergency doctrine in this crossover case, defendants were required to establish "both that [Kweh's] vehicle 'suddenly entered the lane where [Edmunds] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [Edmunds] could have done to avoid the collision' " (*Fratangelo v Benson*, 294 AD2d 880, 881 [2002], quoting *Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822 [2000]; *see Rost v Stolzman*, 81 AD3d 1401, 1402 [2011]). Defendants failed to meet that burden inasmuch as the proof submitted by them in support of their motion, including the accident reconstruction analysis and Edmunds's deposition testimony, raises an issue of fact whether Edmunds was negligent in failing to take sufficient evasive action (*see Testerman v Zielinski*, 68 AD3d 1751, 1752-1753 [2009]; *Fratangelo*, 294 AD2d at 881). In any event, plaintiffs raised a triable issue through their expert's affidavit (*see Richards v Bartholomew*, 60 AD3d 1405, 1406 [2009]). Contrary to defendants' contention, the expert had a sufficient evidentiary foundation to support his opinions (*cf. Rost*, 81 AD3d at 1403). Present—Scudder, P.J., Centra, Carni, Lindley and Martoche, JJ.