# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

372
CA 11-02147
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

OPHELIA KWEH, AS GUARDIAN OF THE PERSON AND
PROPERTY OF JOHN KWEH, AND OPHELIA KWEH,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER C. EDMUNDS, PATRICK D. SAMPSON,
SKINNER SALES, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(ACTION NO. 1.)
-------------------------------------------------
OPHELIA KWEH, AS ADMINISTRATRIX OF THE ESTATE
OF SAMPSON KWEH, DECEASED,
PLAINTIFF-RESPONDENT,

V

CHRISTOPHER C. EDMUNDS, PATRICK D. SAMPSON,
SKINNER SALES, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(ACTION NO. 2.)
-------------------------------------------------
PHILIP KWEH, PLAINTIFF-RESPONDENT,

V

CHRISTOPHER C. EDMUNDS, PATRICK D. SAMPSON,
SKINNER SALES, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(ACTION NO. 3.)
-------------------------------------------------
KADRA DAYOW, AS ADMINISTRATRIX OF THE ESTATE
OF MOHAMED DAYOW, DECEASED,
PLAINTIFF-RESPONDENT,

V

OPHELIA KWEH, AS ADMINISTRATRIX OF THE ESTATE
OF JUTY KWEH, DECEASED, DEFENDANT,
PATRICK D. SAMPSON AND CHRISTOPHER C. EDMUNDS,
DEFENDANTS-APPELLANTS.
(ACTION NO. 4.)
-------------------------------------------------

KADRA DAYOW, AS ADMINISTRATRIX OF THE ESTATE
OF MOHAMED DAYOW, DECEASED,
PLAINTIFF-RESPONDENT,

V

SKINNER SALES, INC., DEFENDANT-APPELLANT.
(ACTION NO. 5.)

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA
(RICHARD PERTZ OF COUNSEL), THE GOLDEN LAW FIRM, AND PETER M. HOBAICA
LLC, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Norman
I. Siegel, A.J.), entered February 15, 2011 in personal injury and
wrongful death actions. The order, insofar as appealed from, denied
the motion of defendants Christopher C. Edmunds, Patrick D. Sampson
and Skinner Sales, Inc. for summary judgment dismissing the complaints
and all cross claims against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced these negligence and wrongful
death actions stemming from a motor vehicle accident that occurred
when a vehicle operated by decedent Juty Kweh (Kweh) collided with a
vehicle operated by defendant Christopher C. Edmunds. The collision
occurred when Edmunds and Kweh were driving in opposite directions on
a two-lane highway, and the vehicle driven by Kweh entered Edmunds's
lane of travel. Supreme Court properly denied the motion of Edmunds,
defendant Patrick D. Sampson, and defendant Skinner Sales, Inc.
(hereafter, defendants) for summary judgment seeking dismissal of the
complaints and all cross claims against them. In order to establish
their entitlement to summary judgment based on the emergency doctrine
in this crossover case, defendants were required to establish "both
that [Kweh's] vehicle 'suddenly entered the lane where [Edmunds] was
operating [his vehicle] in a lawful and prudent manner and that there
was nothing [Edmunds] could have done to avoid the collision' "
(*Fratangelo v Benson*, 294 AD2d 880, 881, quoting *Pilarski v
Consolidated Rail Corp.*, 269 AD2d 821, 822; *see Rost v Stolzman*, 81
AD3d 1401, 1402). Defendants failed to meet that burden inasmuch as
the proof submitted by them in support of their motion, including the
accident reconstruction analysis and Edmunds's deposition testimony,
raises an issue of fact whether Edmunds was negligent in failing to
take sufficient evasive action (*see Testerman v Zielinski*, 68 AD3d
1751, 1752-1753; *Fratangelo*, 294 AD2d at 881). In any event,
plaintiffs raised a triable issue through their expert's affidavit
(*see Richards v Bartholomew*, 60 AD3d 1405, 1406). Contrary to

defendants' contention, the expert had a sufficient evidentiary

foundation to support his opinions (*cf. Rost*, 81 AD3d at 1403).