# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 22, 2015                518894

_____

JEANETTE A. SMITH,

　　　　　　　　Appellant,

　　　v                                    MEMORANDUM AND ORDER

RACHEL B. ALLEN et al.,

　　　　　　　　Respondents.

_____

Calendar Date:  November 17, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

_____

McNamee, Lochner, Titus & Williams, PC, Albany (Christopher Massaroni of counsel), for appellant.

Corrigan McCoy & Bush, PLLC, Rensselaer (Peter J. Corrigan of counsel), for Rachel B. Allen, respondent.

Pemberton & Briggs, Schenectady (Paul Briggs of counsel), for Harold R. Boutelle, respondent.

_____

Peters, P.J.

Appeal from an order of the Supreme Court (Nolan Jr., J.), entered September 4, 2013 in Saratoga County, which granted defendants' motions for summary judgment dismissing the complaint.

On February 7, 2009 at approximately 6:00 p.m., defendant Harold R. Boutelle was driving northbound on North Creek Road in the Town of Greenfield, Saratoga County.  As defendant Rachel B. Allen was driving a vehicle owned by defendant Connie E. Bourdeau southbound on the same road, Allen struck a deer that was then propelled into the air and onto the hood of Boutelle's vehicle,

breaking Boutelle's windshield and exiting through his rear window. Plaintiff, a front-seat passenger in Boutelle's truck, was seriously injured and she commenced this negligence action against defendants. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motions and plaintiff now appeals.

As the proponents of a motion for summary judgment, it was incumbent upon defendants to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; accord Baird v Gormley, 116 AD3d 1121, 1122 [2014]). In support of their motions, defendants relied upon the deposition testimony of Boutelle and Allen. Boutelle testified that, on the evening in question, it was getting dark, he was driving approximately 40 to 50 miles per hour, which was less than the posted speed limit, and was traveling along a straightaway when he noticed a vehicle ahead of him in the opposite lane lower its high beams. As he approached the vehicle, he was talking to plaintiff while keeping a view of the road. He never saw the deer until it came through his windshield and struck plaintiff.

Similarly, Allen testified that it was getting dark and she was traveling with a front-seat passenger going approximately 40 miles per hour along a straightaway just prior to the accident. She stated that she dimmed her headlights upon seeing an approaching vehicle in the opposite lane, but did not see any deer. Even when the deer impacted her vehicle, she was not sure exactly what she had hit. She learned later that she had struck a deer and that it had been propelled into the windshield of Boutelle's truck, which was the approaching vehicle. Like Boutelle, she did not slow down or have an opportunity to take evasive action.

Generally, "[d]rivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 769 [2014]; see Rost v Stolzman, 81 AD3d 1401, 1402 [2011]; Woolley v Coppola, 179 AD2d 991, 992 [1992]). The deposition testimony of both Boutelle and Allen established that it was dusk

and that neither of them saw the deer until it came into contact with their respective vehicles. There is nothing in their testimony to suggest that they should have seen the deer under the circumstances presented or that either had time to react to avoid it (see Meagher v Greis, 283 AD2d 970, 970-971 [2001]). Furthermore, there is no evidence that either was speeding, distracted while driving or in violation of the Vehicle and Traffic Law (compare Shui-Kwan Lui v Serrone, 103 AD3d 620, 620-621 [2013]; Olsen v Baker, 112 AD2d 510, 511 [1985], lv denied 66 NY2d 604 [1985]; Bishop v Sumner, 67 AD2d 797, 797 [1979]). Thus, defendants demonstrated their entitlement to summary judgment.

Having made this showing, the burden then shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to establish the existence of [a] material issue of fact which require[s] a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d at 324; accord Baird v Gormley, 116 AD3d at 1123). In opposition to the motions, plaintiff submitted the deposition testimony of John Reome, a tow truck operator who was driving ahead of Allen on the evening in question, as well as the affidavit of Bradford Silver, an automobile accident reconstruction expert. Reome acknowledged that it was getting dark at the time and that he, as well as Allen and Boutelle, had activated their headlights. He related that he saw four or five deer on the left side of the road eating apples on the ground near a bend just before a straightaway that continued approximately 1,500 feet. He noticed Allen's car behind him and had passed Boutelle's truck when he observed that the vehicles seemed to disappear. He stated that he turned around to discover that Allen's car had struck a deer, propelling the deer into the windshield of Boutelle's truck.

After reviewing the deposition transcripts and other documentary evidence, and visiting the accident site, Silver provided an opinion on the estimated reaction times for Allen and Boutelle based upon the speeds that they were traveling and their clear sight distances from the accident location. He opined that Boutelle had three seconds to react and that Allen had 11 seconds, both of which were greater than the .75- to 1.5-second range of driver perception-reaction times generally accepted by

accident reconstruction authorities.  On this basis, he further opined that Allen and Boutelle were both negligent in not observing the deer and reacting to avoid the accident.

We find that neither the deposition testimony of Reome nor the affidavit of Silver raises a material issue of fact on the issue of negligence so as to preclude an award of summary judgment in favor of defendants (see Bachman v Cook, 281 AD2d 938, 939 [2001]).  Significantly, Reome's testimony does not establish that the deer he observed eating apples were in the same area of the road where the accident occurred or that it was one of these deer that actually impacted the vehicles driven by Allen and Boutelle.  In view of this, it cannot be concluded that either Allen or Boutelle failed to perceive an apparent hazard and take reasonable measures to avoid contact.  Moreover, to the extent that Silver's affidavit relies upon the testimony of Reome and also fails to take into account the fact that it was dusk at the time of the accident, it is of questionable probative value and, further, is lacking in detail, as it does not set forth the calculations that he made to arrive at his conclusion that Boutelle had three seconds to react and Allen had 11 seconds (see Costanzo v County of Chautauqua, 110 AD3d 1473, 1473 [2013]).  Accordingly, we find that the affidavit is conclusory, speculative and insufficient to defeat defendants' motions (see Meagher v Greis, 283 AD2d at 971; see also Rost v Stolzman, 81 AD3d at 1403).  Therefore, even viewing the evidence in the light most favorable to plaintiff (see Boyce v Vazquez, 249 AD2d 724, 726 [1998]), Supreme Court properly granted defendants' motions and dismissed the complaint (see Wolbe v Fishman, 29 AD3d 785, 785-786 [2006]; Miesing v Whinnery, 233 AD2d 551, 552 [1996]).

Rose, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, with one bill of costs.


ENTER:

Robert D. Mayberger
Clerk of the Court