■ MANHATTAN CABLE TELEVISION, INC., Respondent, v EARL BRUSTOWSKY, Doing Business as 511 WEST 21ST STREET REALTY Co., Appellant and Third-Party Plaintiff, et al., Third-Party Defendants. MANHATTAN CABLE TELEVISION, INC., Appellant, v EARL BRUSTOWSKY, Doing Business as 511 WEST 21ST STREET REALTY Co., Respondent. [595 NYS2d 12] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered September 22, 1992, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 13, 1991, which, *inter alia,* directed that plaintiff pay monthly rent as it falls due on certain leased premises, and order of the same court and Justice entered June 24, 1992, denying renewal, unanimously affirmed, without costs.

These two separate actions arise out of the same underlying transaction. Plaintiff leased certain property from defendant, for the purpose of constructing a garage and storage facility. The lease provided that defendant-landlord was to be responsible for the cost incurred by the tenant for removal of toxic wastes on the premises, which cost may be applied as an offset against rent. After plaintiff had demolished the existing structure and was in the process of construction, oil was discovered beneath the surface, and was removed at tenant's expense.

We agree that the lease is ambiguous, and that the intent of the parties, not being expressed with clarity in their contract, must be resolved at trial. The source and cause of the spill has not been established sufficiently by either party to warrant judgment in its favor as a matter of law.

Plaintiff's argument underlying its attempts to avoid paying rent as it falls due is that it will not ultimately have to bear this expense if it prevails in the main action. Plaintiff has not demonstrated, however, that the rent is so low in proportion to the amount in controversy that it can never recoup its alleged loss. No other reason for dispensing with the payment of rent on a monthly basis exists.

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.