■ TIME WARNER ENTERTAINMENT Co., L.P., Appellant, v EARL BRUSTOWSKY, Respondent. [634 NYS2d 82] —Judgment, Supreme Court, New York County (Edward Lehner, J., and a jury), entered May 19, 1994, which dismissed the complaint, unanimously affirmed, with costs.

The trial court, in charging the jury, properly required the jury to interpret and determine the fair and reasonable meaning of the term "hazardous substances" as used in the lease between the parties. This Court specifically determined, on a prior appeal, that the lease provision at issue was ambiguous and that the parties' intent with respect thereto must be resolved at trial (*Manhattan Cable Tel. v Brustowsky,* 191 AD2d 253, 254). Resolution by a fact finder is required where, as here, interpretation of a contract term is susceptible to varying reasonable interpretations and intent must be gleaned from disputed evidence or from inferences outside the written words (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291).

The trial court also properly refused plaintiff's request to charge the jurors on the basis of one isolated statutory definition of the term "hazardous substances" set forth in ECL 37-0103 (6 NYCRR 597.1 [a] [3] [ix]). Plaintiff conceded at trial that such a regulatory definition was not determinative of the issue, and the evidence adduced at trial established that the parties intended a meaning for the lease provision at issue independent of any conflicting statutory or regulatory definitions of "hazardous substances" in the complex Federal and State environmental scheme (*cf., Dolman v United States Trust Co.,* 2 NY2d 110). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.