■ MICHAEL CALABRESE, Appellant, v STEVE SMETKO, Appellant, and 2450 MILITARY ROAD, INC., Doing Business as CLEVE-HILL TIRE & AUTO, Respondent. [665 NYS2d 144] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in permitting reargument of the motion of 2450 Military Road, Inc., doing business as Cleve-Hill Tire & Auto (defendant), for summary judgment (*see, Vinciguerra v Jameson*, 153 AD2d 452, 454; *Sciascia v Nevins*, 130

AD2d 649). Upon reargument, the court properly granted summary judgment to defendant dismissing the complaint and cross claims against it. Plaintiff seeks damages for injuries he sustained while attempting to restart defendant Steve Smetko's vehicle, which had recently been repaired at an auto repair shop operated by defendant. Plaintiff was injured when the vehicle burst into flames while he was pouring gasoline into the carburetor. He alleges that defendant negligently repaired the fuel line by leaving a kink in the hose that interfered with the flow of gasoline and caused the engine to stall. Even assuming, arguendo, that defendant was thereby negligent, that negligence "merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated", and thus defendant is not liable for plaintiff's injuries (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316, *rearg denied* 52 NY2d 784, 829; *Di Ponzio v Riordan*, 89 NY2d 578, 585). Intervening here between the conduct of defendant and the accident was the act of plaintiff, who attempted to restart the vehicle by pouring gasoline in the carburetor, and the act of Smetko, who either turned on the ignition or left the engine running while plaintiff was still under the hood. While it was foreseeable that an attempt would be made to restart the car and that the attempt would involve pouring gasoline in the carburetor, it was not foreseeable that someone would turn on the ignition or leave the engine running while the gasoline was being poured. That act was "divorced from and not the foreseeable risk associated with the original negligence", and caused injuries "different in kind than those which would normally have been expected" (*Derdiarian v Felix Contr. Corp.*, *supra*, at 316). All concur, Callahan, J., not participating. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—Reargument.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.