■ JAMES PILARSKI, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent, et al., Defendants. [702 NYS2d 485] —Order insofar as appealed from unanimously reversed on the law with costs, motion denied in part and complaint against defendant Consolidated Rail Corporation reinstated. Memorandum: Plaintiff, an employee of defendant Consolidated Rail Corporation (Conrail), was injured when a Conrail van in which he was being shuttled to his workplace during a snowstorm collided with a vehicle owned by defendant Amy Ramsay and operated by defendant Anthony Caliano. The Caliano vehicle, traveling in the eastbound curb lane, traversed the two center lanes and collided with the Conrail van in the westbound curb lane of Walden Avenue. Plaintiff commenced this action alleging common-law negligence with respect to Caliano and Ramsay and violation of the Federal Employers' Liability Act (45 USC § 51 et seq. [FELA]) with respect to Conrail. There is a "more lenient standard for determining negligence and causation" in a FELA action (Hines v Consolidated Rail Corp., 926

822

F2d 262, 267; *see, Williams v Long Is. R. R. Co.*, 196 F3d 402, 406). Thus, a fortiori, a FELA defendant who fails to establish entitlement to summary judgment dismissing a common-law negligence cause of action is not entitled to dismissal of a FELA cause of action.

Supreme Court erred in granting that part of the motion of Conrail seeking summary judgment dismissing the complaint against it. Conrail failed to meet its initial burden of establishing its entitlement to judgment as a matter of law, and thus we do not consider the sufficiency of the opposing papers (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Pizzuto v Poss* [appeal No. 1], 198 AD2d 910). Contrary to the contention of Conrail, the fact that the collision took place in its van's lane of travel does not constitute a complete defense to the action. "[L]iability cannot be predicated upon the failure of a driver, not otherwise negligent, to avert a collision with a vehicle careening across a highway directly into his path" (*Boyes v DeLellis*, 210 AD2d 931). Here, Conrail failed to meet its initial burden of establishing both that the Caliano vehicle suddenly entered the lane where the Conrail driver was operating the van in a lawful and prudent manner and that there was nothing the van driver could have done to avoid the collision (*cf., Jordan v Bowen*, 239 AD2d 910; *Eisenbach v Rogers*, 158 AD2d 792, *lv dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752; *see also, Gouchie v Gill*, 198 AD2d 862). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.