■ DAVID S. GAETA et al., Respondents-Appellants, v REGINA M. KOSEK, Appellant-Respondent. [710 NYS2d 269] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its discretion in granting plaintiffs' motion for reargument of defendant's motion for summary judgment dismissing the complaint (*see, Calabrese v Smetko,* 244 AD2d 890, 890-891). The court agreed with plaintiffs that it had mistakenly arrived at its earlier decision because it had overlooked the objective evidence of the injury allegedly sustained by David S. Gaeta (plaintiff).

The court erred upon reargument, however, in granting defendant's motion in part. Although defendant met her initial burden, plaintiffs in opposition met their burden by making a prima facie showing that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) sufficient to raise a triable issue of fact. They submitted a no-fault verification form signed by plaintiff's physician establishing that plaintiff was disabled and thus was unable to return to work or perform his usual and customary daily activities for at least 90 days immediately after the accident (*see, Sellitto v Casey,* 268 AD2d 753). With respect to the remaining categories of serious injury alleged, plaintiffs by their submission of plaintiff's medical records raised triable issues of fact whether plaintiff has a

permanent loss of use of a body organ, member, function, or system; a permanent consequential limitation of use of a body organ or member; or a significant limitation of use of a body function or system.

We modify the order, therefore, by denying defendant's motion in its entirety. (Appeals from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present— Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.