█ MICHAEL MCCABE, Respondent, v CSX TRANSPORTATION, INC., Appellant. (Appeal No. 1.) [811 NYS2d 839]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 16, 2004 in a personal injury action. The order granted plaintiff's motion for partial summary judgment on the issue of liability and to strike the affirmative defense of contributory negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the second defense is reinstated.

Memorandum: Plaintiff commenced this action seeking damages pursuant to the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) for injuries he sustained while working as a conductor for defendant. Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of defendant's liability and to strike the affirmative defense of contributory negligence. FELA is not a strict liability statute but, rather, liability under the statute is based on negligence and is not based solely on the fact that an employee is injured (*see Ellis v Union Pacific R. Co.*, 329 US 649, 653 [1947]; *New York*

*Central R. Co. v Ambrose,* 280 US 486, 490 [1930]; *Williams v Long Is. R.R. Co.,* 196 F3d 402, 406 [1999]). Although there "is a 'more lenient standard for determining negligence and causation' in a FELA action" (*Pilarski v Consolidated Rail Corp.,* 269 AD2d 821, 821 [2000]; *see Williams,* 196 F3d at 406), we conclude that plaintiff failed to meet his initial burden on the motion on the issues of defendant's liability and his contributory negligence by merely submitting eight pages from the transcript of his deposition testimony. Because plaintiff failed to meet his initial burden, we do not consider the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

We therefore reverse the order in appeal No. 1, deny plaintiff's motion and reinstate the affirmative defense of contributory negligence. In light of our determination, the appeal by defendant from the order in appeal No. 2 denying its motion for leave to renew its opposition to plaintiff's motion for partial summary judgment is dismissed as moot (*see 55 Liberty St. Assoc. v Garrick-Aug Assoc. Store Leasing,* 255 AD2d 188 [1998]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.