■ SANDRA A. SNEDDON, as Administratrix of the Estate of JOHN SNEDDON, Deceased, Appellant, v CSX TRANSPORTATION, Respondent. (Appeal No. 1.) [848 NYS2d 502]—

Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 5, 2006 in a wrongful death action. The judgment, upon a jury verdict in favor of plaintiff and against defendant, awarded plaintiff damages in the amount of $825,000.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's post-trial motion in part and setting aside the award of damages for past loss of earnings and as modified the judgment is affirmed without costs, and a new trial is granted on that element of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past loss of earnings to $150,000, in which event the judg-

ment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this wrongful death action pursuant to the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) after her husband (decedent) was killed by a train during the course of his employment at defendant's railway yard. She now appeals from a judgment entered upon a jury verdict finding defendant 75% at fault for the accident and decedent 25% at fault and awarding plaintiff damages in the amount of $100,000 for past loss of earnings, $720,000 for future loss of earnings, $30,000 for past loss of guidance for decedent's son, $130,000 for future loss of guidance for decedent's son, $20,000 for past loss of services to plaintiff, and $100,000 for future loss of services to plaintiff.

Contrary to plaintiff's contention, Supreme Court properly submitted the issue of contributory negligence to the jury. "FELA is not a strict liability statute but, rather, liability under the statute is based on negligence and is not based solely on the fact that an employee is injured" (*McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1150 [2006]). Indeed, FELA expressly provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee" (45 USC § 53). "The standard for determining contributory negligence in FELA actions is considerably more liberal than at common law . . . Under FELA, a jury is entitled to find negligence if a party's actions 'played any part, even the slightest, in producing the injury' " (*Hotaling v CSX Transp.*, 5 AD3d 964, 967 [2004], quoting *Rogers v Missouri Pacific R. Co.*, 352 US 500, 506 [1957]). A defendant "is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory" (*Hose v Chicago Northwestern Transp. Co.*, 70 F3d 968, 978 [1995]), and there was such evidence in this case. Defendant presented evidence that decedent disregarded its instructions to remain outside "the red zone," an area in which he could be struck by a passing train, and that decedent in fact was inside the red zone when he slipped and was struck by a passing train.

Contrary to the further contention of plaintiff, the court properly denied that part of her post-trial motion seeking to set aside the jury verdict finding that decedent was 25% at fault as against the weight of the evidence. It cannot be said that "the preponderance of the evidence in favor of [plaintiff was] so great that the verdict could not have been reached upon any fair in-

terpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]). Here, there were no eyewitnesses to the accident, and the location of decedent's body did not conclusively demonstrate where and how decedent slipped and fell into the path of the train. "In passing on the issues of fault and causality, . . . the jury has a broad power to engage in inferences" (*Richards v South Buffalo Ry. Co.*, 54 AD2d 310, 311 [1976]), and we perceive no reason to disturb the jury's verdict with respect to decedent's contributory negligence.

We agree with plaintiff, however, that the court erred in denying that part of her post-trial motion seeking to set aside the award of damages for past loss of earnings inasmuch as the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Although the jury was not required to accept in its entirety the testimony of plaintiff's expert with respect to loss of earnings (*see Mechanick v Conradi*, 139 AD2d 857, 859 [1988]), we nevertheless conclude that the evidence established that decedent would have received some increase in income as the result of cost of living increases, as well as salary increases based on longevity and promotion. We therefore modify the judgment accordingly, and we grant a new trial on that element of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past loss of earnings to $150,000, in which event the judgment is modified accordingly. Finally, we reject the contention of plaintiff that the court erred in denying that part of her post-trial motion seeking to set aside the award of damages for future loss of earnings (*see* CPLR 5501 [c]), particularly in view of the fact that, on cross-examination, plaintiff's expert conceded that he could have more accurately determined decedent's future earnings by using the wages of other workers with similar seniority working at the same location as decedent, rather than using only decedent's position on the seniority roster without regard to location. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.