■ LISA HINCKLEY, Individually and as Administratrix of the Estate of JOHN HINCKLEY, Deceased, Appellant, v CSX TRANSPORTATION, INC., Respondent, et al., Defendant. [872 NYS2d 820]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 16, 2008 in a wrongful death action. The order granted the motion of defendant CSX Transportation, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and second causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for the wrongful death of decedent, an employee of CSX Transportation, Inc. (defendant). We agree with plaintiff that Supreme Court erred in granting the motion of defendant for summary judgment dismissing the complaint against it in its entirety. As plaintiff correctly contends, there is a triable issue of fact whether defendant provided decedent with a safe place to work in accordance with the Federal Employers' Liability Act ([FELA] 45 USC § 51 et seq.). We have previously recognized that "there is a more lenient standard for determining negligence and causation in a FELA action" (McCabe v CSX Transp., Inc., 27 AD3d 1150, 1151 [2006], quoting Pilarski v Consolidated Rail Corp., 269 AD2d 821, 821 [2000] [internal quotation marks omitted]). In such an action, summary judgment in favor of the defendant is inappropriate if there is any possibility that the defendant's " 'negligence played any part, even the slightest,' " in the employee's death or injuries (Syver-

*son v Consolidated Rail Corp.*, 19 F3d 824, 828 [1994], quoting *Gallick v Baltimore & Ohio R. Co.*, 372 US 108, 121 [1963]). Here, the court erred in granting those parts of defendant's motion seeking summary judgment dismissing the first and second causes of action, alleging the violation of FELA and common-law negligence, and we therefore modify the order accordingly. Defendant failed to establish that its alleged negligence played no part in decedent's death (*see Pilarski*, 269 AD2d at 822; *see generally Zuckerman v City of New* York, 49 NY2d 557, 562 [1980]), and "FELA expressly provides that 'the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee' (45 USC § 53)" (*Sneddon v CSX Transp.*, 46 AD3d 1345, 1346 [2007]). We further conclude, however, that the court properly granted that part of defendant's motion seeking summary judgment dismissing the third cause of action, for loss of consortium, inasmuch as "[t]here is no recovery for loss of consortium in a wrongful death action" (*Kaplan v Sparks*, 192 AD2d 1119, 1120 [1993]; *see Liff v Schildkrout*, 49 NY2d 622, 634 [1980]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.