◼ DINO DiCIENZO et al., Respondents, v NIAGARA FALLS URBAN RENEWAL AGENCY, Respondent. THE NIAGARA VENTURE, Appellant. (Appeal No. 1.) [879 NYS2d 745]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 23, 2008. The order denied the motion of The Niagara Venture for leave to reargue or renew the denial of its motion to intervene.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: The Niagara Venture (NV) appeals from three orders denying its motions for "reargument and renewal" of

prior motions seeking to intervene in action No. 1 and to consolidate action Nos. 1 and 2. We conclude that Supreme Court properly deemed the current motions only as motions for leave to reargue. NV failed to establish that the alleged new facts could not have been presented on the original motions (*see generally* CPLR 2221 [e] [3]; *Welch Foods v Wilson*, 247 AD2d 830 [1998]). "[R]enewal is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Welch Foods*, 247 AD2d at 831 [internal quotation marks omitted]; *see Kahn v Levy*, 52 AD3d 928, 930 [2008]), and the motions at issue on these appeals are based on facts that could have, with due diligence, been submitted in support of the initial motions (*see Salgado v Ring*, 21 AD3d 363 [2005]; *Empire Ins. Co. v Food City*, 167 AD2d 983 [1990]). No appeal lies from the denial of a motion for leave to reargue (*see Hale v Wilmorite, Inc.*, 35 AD3d 1251 [2006]; *Empire Ins. Co.*, 167 AD2d 983 [1990]). Present—Centra, J.P., Peradotto, Pine and Gorski, JJ.