JAMES R. LAHEY, Appellant, v KATHRYN E. LAHEY, Respondent. [892 NYS2d 709]—

Defendant thereafter moved for leave to renew the 2006 motion pursuant to CPLR 2221 (e). We conclude that the court properly deemed defendant's third motion as a motion for leave to reargue despite defendant's characterization of the motion as one for leave to renew (*see DiCienzo v Niagara Falls Urban Renewal Agency*, 63 AD3d 1663 [2009]), and we further conclude that the court properly granted the third motion insofar as it sought leave to reargue. The record establishes that, by the 2005 order, the court (Murphy, J.) determined that it had insufficient information to address the merits of the 2005 motion and denied it " 'without prejudice to renew.' " Thus, the court properly granted leave to reargue inasmuch as it " 'mistakenly arrived at its earlier decision' " denying defendant's 2006 motion on the ground that the 2005 order determined the issue on the merits (*Davis v Firman*, 53 AD3d 1101, 1102 [2008]; *see Gaeta v Kosek*, 273 AD2d 801 [2000]).

The court, however, erred upon reargument in summarily granting the relief sought by defendant in the 2006 motion. The Agreement is ambiguous with respect to the intent of the parties in the event that defendant survives plaintiff. Indeed, the issue whether the parties intended that defendant would continue to receive payments for her lifetime or only until the retirement benefits terminated upon plaintiff's death cannot be resolved as a matter of law by reference to the Agreement (*see Finkelstein v Tainiter*, 264 AD2d 587, 588 [1999]). Rather,

"[r]esolution by a fact finder is required where, as here, interpretation of [an agreement] is susceptible to varying reasonable interpretations and intent must be gleaned from disputed evidence or from inferences outside the written words" (*Time Warner Entertainment Co. v Brustowsky*, 221 AD2d 268 [1995]). We therefore modify the amended order accordingly, and we remit the matter to Supreme Court for a hearing to determine the intent of the parties with respect to paragraph 15 of the Agreement. Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.