# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1046**
**CA 10-01899**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND GREEN, JJ.
_____

FREDERICK BREADY AND NANCY BREADY,
PLAINTIFFS-RESPONDENTS,

                    V                               MEMORANDUM AND ORDER

CSX TRANSPORTATION, INC., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(APPEAL NO. 1.)
_____

GOLDBERG SEGALLA LLP, BUFFALO (JOHN J. JABLONSKI OF COUNSEL), FOR
DEFENDANT-APPELLANT.

COLLINS, COLLINS & DONOGHUE, P.C., BUFFALO, MAGAVERN MAGAVERN GRIMM
LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered May 13, 2010 in a personal injury
action. The order denied the motion of defendant CSX Transportation,
Inc. for summary judgment.

    It is hereby ORDERED that the order so appealed from is reversed
on the law without costs, the motion is granted and the complaint and
cross claim against defendant CSX Transportation, Inc. are dismissed.

    Memorandum: The plaintiffs in each appeal commenced these
actions seeking, inter alia, to recover damages pursuant to the
Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) for
injuries sustained by Frederick Bready and Brandon Harris
(collectively, plaintiffs) when the vehicle in which plaintiffs were
passengers was rear-ended in a chain reaction collision involving four
vehicles. The vehicle in question was operated by former defendant
Elaine C. Bailey, and Bailey and plaintiffs were acting in the course
of their employment with defendant CSX Transportation, Inc. (CSX) at
the time of the accident. The accident occurred while the vehicle
operated by Bailey (hereafter, CSX vehicle) was stopped at an
intersection for a red light.

    Following discovery, CSX moved in each action for summary
judgment dismissing the complaint and the cross claim against it on
the ground that it was not negligent, and Supreme Court denied the
motions. We reverse the order in each appeal.

    "Under FELA, a jury is entitled to find negligence if a party's
actions 'played any part, even the slightest, in producing the

injury' " (*Hotaling v CSX Transp.*, 5 AD3d 964, 967, quoting *Rogers v Missouri Pac. R.R. Co.*, 352 US 500, 506; *see Canazzi v CSX Transp., Inc.* [appeal No. 2], 61 AD3d 1347).  "[L]iability under the statute[, however,] is based on negligence and is not based solely on the fact that an employee is injured" (*McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1150).

"[W]here a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it in the same direction to come to a timely halt" (*Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398, 399).  Here, it is undisputed that the CSX vehicle was lawfully stopped at the time of the accident and, even assuming, arguendo, that the traffic signal controlling the intersection had turned green immediately before the accident, Bailey had no duty to accelerate the CSX vehicle into the intersection at the precise moment that the traffic signal turned green (*see generally Ruzycki v Baker*, 301 AD2d 48, 49).  Inasmuch as there is *no* evidence that Bailey's actions played *any* part in producing plaintiffs' alleged injuries (*see generally Hotaling*, 5 AD3d at 967-968), we conclude that CSX met its burden of establishing entitlement to judgment as a matter of law in each action and that plaintiffs failed to raise an issue of fact in opposition to the motions (*cf. Ramadan v Maritato*, 50 AD3d 1620; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In doing so, we reject the dissent's conclusion that evidence concerning the revocation of Bailey's driver's license prior to the accident supports the determination of the court denying the motions.  Bailey's status as an unlicensed driver is irrelevant to her operation of the CSX vehicle at the time of the accident (*see Huff v Rodriguez*, ___ AD3d ___ [Oct. 7, 2011]; *Almonte v Marsha Operating Corp.*, 265 AD2d 357), and it does not create a triable issue of fact whether her actions played " 'even the slightest' " part in producing plaintiffs' alleged injuries (*Hotaling*, 5 AD3d at 967, quoting *Rogers*, 352 US at 506; *see generally Zuckerman*, 49 NY2d at 562).

All concur except SCONIERS and GREEN, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent and would affirm the order in each appeal denying the motion of defendant CSX Transportation, Inc. (CSX) for summary judgment dismissing the complaint and cross claim against it.  As noted by the majority, Frederick Bready and Brandon Harris (plaintiffs) commenced these actions against, inter alia, CSX to recover for injuries sustained in a motor vehicle accident.  Plaintiffs were passengers in a vehicle operated by former defendant Elaine C. Bailey, which was rear-ended as the result of a chain reaction accident while Bailey was stopped first in line at a traffic light.  The evidence indicates that the chain reaction accident began at or shortly after the moment when the light turned green for the vehicle operated by Bailey (hereafter, CSX vehicle).  Plaintiffs and Bailey were employed by CSX and were in the course of their employment when the accident occurred.  Plaintiffs sued CSX pursuant to the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*), which imposes duties above and beyond those established by the common law and provides a standard of proof for negligence and proximate cause that is significantly lower than the standard imposed by the common law.  If this was merely a New York

automobile negligence case, there is no doubt that the complaint against CSX would have to be dismissed in each appeal. However, while New York's automobile negligence law is certainly relevant to the claims against CSX, it does not wholly define the scope of CSX's potential liability to its employees under FELA for the injuries sustained in the accident at issue.

FELA is a broad remedial statute and efforts to limit its scope by the negligence standards established by a state's tort law relating to automobiles "would be contradictory to the wording, the remedial and humanitarian purpose, and the constant and established course of liberal construction of [FELA] followed by [the United States Supreme] Court" (*Urie v Thompson*, 337 US 163, 181-182). This Court has recognized that "[t]here is a 'more lenient standard for determining negligence and causation' in a FELA action" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 821, quoting *Hines v Consolidated Rail Corp.*, 926 F2d 262, 267). However, FELA is more than just a lenient version of state tort law. Recently, the United States Supreme Court reaffirmed its conclusions in *Rogers v Missouri Pac. R.R. Co.* (352 US 500) that there is a " 'relaxed . . . proximate cause requirement' in FELA cases" (*CSX Transp., Inc. v McBride*, 564 US ___, 131 S Ct 2630, 2636), and that "FELA's language on causation . . . 'is as broad as could be framed' " (*id.*, quoting *Urie*, 337 US at 181). In addition, it is undisputed that "[a] railroad has a duty to use reasonable care in furnishing its employees with a safe place to work" (*Atchison, Topeka & Santa Fe Ry. Co. v Buell*, 480 US 557, 558), and that such duty extends beyond the boundaries of the railroad's property (*see Shenker v Baltimore & Ohio R.R. Co.*, 374 US 1, 7).

CSX's obligation to protect plaintiffs from injury extends beyond those duties imposed on the driver of a motor vehicle by both the common law and the Vehicle and Traffic Law. Thus, in the context of this case, we conclude that Bailey, as the driver of the CSX vehicle, was obligated to take evasive action, if possible, to avoid a rear-end collision while stopped at a traffic light, even though New York law imposes no such obligation on the operator of a motor vehicle. On this record, we conclude that there are issues of fact whether Bailey could have avoided the accident by moving forward when the light turned green or by taking other evasive action. Moreover, the record establishes that, well before the date of the accident, Bailey's driver's license had been revoked as a result of convictions for driving while intoxicated. We respectfully submit that the majority misperceives the import of that fact when asserting that Bailey's lack of a driver's license is irrelevant to her operation of the CSX vehicle. Indeed, that fact is highly relevant to the issue whether CSX breached its duty to provide plaintiffs with a safe place to work when the person CSX employed to transport its employees did so with a revoked driver's license (*see generally* Vehicle and Traffic Law § 511). We thus conclude that triable issues of fact exist with respect to whether CSX breached its duty to provide plaintiffs with a safe place to work and, under FELA, with respect to whether CSX's breach was a proximate cause of plaintiffs' injuries (*see generally McBride*, 564 US ___, 131 S Ct at 2636-2639; *Rogers*, 352 US at 504-507).

A determination that this case presents triable issues of fact is certainly warranted given the extraordinary breadth and scope of FELA as demonstrated by the prevailing case law (*see Gallick v Baltimore & Ohio R.R. Co.*, 372 US 108 [issue of fact existed where plaintiff suffered severe complications secondary to an insect bite that he sustained near a stagnant pool of water located in the defendant railroad's right of way]; *Swartout v Consolidated Rail Corp.*, 294 AD2d 785 [issue of fact existed whether the defendant railroad knew, or should have known, that Lyme disease was a potential hazard in the area where its employees were working]; *Syverson v Consolidated Rail Corp.*, 19 F3d 824 [issue whether the defendant railroad was liable for a knife attack on an employee by a trespasser should be submitted to the jury where the defendant had knowledge that the area in question attracted vagrants]; *Gallose v Long Is. R.R. Co.*, 878 F2d 80 [the plaintiff railroad employee was entitled to have jury determine whether the owner of the dog that bit him was within the scope of her employment with the railroad when she brought the dog to work]).

Simply stated, "[b]ecause of the 'myriad of factors' involved, whether [a] railroad used reasonable care in furnishing its employees a safe place to work is normally a question for the jury" (*Gallose*, 878 F2d at 85).  The right of the jury to pass on "all factual issues under . . . FELA . . . must be liberally construed . . .[, and o]nly in instances where reasonable jurors could reach only one conclusion may the court take the determination from the jury and decide the question as a matter of law" (*id.*).  Thus, pursuant to the principles established by decades of FELA jurisprudence, we conclude in each appeal that Supreme Court properly denied CSX's motion for summary judgment.

Entered:  November 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court