# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**923**
**CA 13-01411**
PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

GLENN FREELAND AND SUSAN FREELAND, AS LEGAL
GUARDIANS FOR JALEN WALKER, INFANT AND SOLE
ISSUE OF THE ESTATE OF TREVELL WALKER, DECEASED,
PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

ERIE COUNTY, TIMOTHY B. HOWARD, ERIE COUNTY
SHERIFF, MARK WIPPERMAN, ERIE COUNTY
UNDERSHERIFF, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.
(APPEAL NO. 1.)

---

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-APPELLANTS.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ANTHONY B. TARGIA OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 2, 2013. The order granted the motion of defendants Erie County, Timothy B. Howard, Erie County Sheriff, and Mark Wipperman, Erie County Undersheriff, to dismiss the complaint and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These actions arose from the suicide of Trevell Walker (Trevell) on October 12, 2011, while he was incarcerated at the Erie County Holding Center. On January 5, 2012, plaintiffs filed a notice of claim with defendant Erie County (County). The notice of claim included the name and address of claimant Jalen Walker (Jalen), Trevell's infant son and sole distributee; the nature of the claims alleged; the "[t]ime, [p]lace [and] [m]anner" of the subject claim; and the injuries and items of damage claimed. Plaintiff Glenn Freeland executed the notice of claim in his capacity as "legal Guardian" to Jalen.

On December 7, 2012, plaintiffs commenced action No. 1 in their capacity as guardians of Jalen's person, alleging causes of action in appeal No. 1 for wrongful death, negligence, federal and state civil rights violations, and loss of consortium. Supreme Court granted the pre-answer motion of defendants-respondents (hereafter, defendants) pursuant to CPLR 3211 (a) (7) and dismissed the complaint in action

No. 1, determining, inter alia, that plaintiffs lacked standing to bring the lawsuit in the absence of a duly appointed representative of Trevell's estate.  On July 1, 2013, plaintiffs commenced the action in appeal No. 2 both in their capacity as guardians of Jalen's person and as administrators of Trevell's estate, alleging causes of action for wrongful death, negligence, and federal and state civil rights violations.  The court granted defendants' pre-answer motion pursuant to CPLR 3211 (a) (7) and dismissed the complaint in action No. 2, determining, inter alia, that plaintiffs had failed to serve a timely notice of claim and that the cause of action for wrongful death was time-barred.

The court properly granted defendants' motion and dismissed the complaint in appeal No. 1.  A cause of action for wrongful death may be brought only by the personal representative of the decedent (*see* EPTL 1-2.13; 5-4.1; *Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687, 692-693), and causes of action for negligence and civil rights violations likewise were personal to Trevell and were therefore assumed by his estate (*see Heslin v County of Greene*, 14 NY3d 67, 76).  Plaintiffs commenced the action in appeal No. 1 in their capacity as guardians of Jalen's person, and had not been appointed as representatives of Trevell's estate.  Plaintiffs thus lacked standing to allege causes of action for wrongful death, negligence, and civil rights violations.  In addition, there can be no recovery for loss of consortium in a wrongful death action, and thus the court properly dismissed the cause of action alleging loss of consortium based upon Trevell's death (*see Liff v Schildkrout*, 49 NY2d 622, 634; *Hinckley v CSX Transp., Inc.*, 59 AD3d 969, 970).

In appeal No. 2, we initially conclude that, contrary to defendants' contention, plaintiffs' notice of claim was sufficient to alert defendants to the allegations supporting those causes of action, regardless of the purported capacity in which Freeland executed the notice of claim.  Given the lack of any showing of bad faith by plaintiffs or prejudice to defendants (*see* General Municipal Law § 50-e [6]; *D'Allesandro v New York City Tr. Auth.*, 83 NY2d 891, 893), we exercise our discretion to treat the notice of claim as one filed on behalf of Trevell's estate (*see Smith v Scott*, 294 AD2d 11, 19-20; *Neal v Amityville Union Free Sch. Dist.*, 288 AD2d 450, 450-451; *Przestrzelski v Board of Educ. of Fort Plain Sch. Dist.*, 71 AD2d 743, 743-744; *see generally Sweeney v City of New York*, 225 NY 271, 273).

With respect to defendant Mark Poloncarz, Erie County Executive, the court properly dismissed the complaint in appeal No. 2 against him inasmuch as he, in his individual or official capacity, is not the subject of any allegations in that action (*see Paull v First UNUM Life Ins. Co.*, 295 AD2d 982, 984).

With respect to the County, we agree with plaintiffs in appeal No. 2 that the court erred in granting that part of defendants' motion dismissing the first cause of action, for wrongful death, insofar as it is asserted by plaintiffs as administrators of Trevell's estate, and we therefore modify the order accordingly.  Plaintiffs alleged in

that cause of action that substandard housing at the Erie County Holding Center was a proximate cause of Trevell's wrongful death. The County's duty to provide and maintain the jail building is distinguishable from defendant Sheriff's duty to "receive and safely keep" prisoners in the jail over which he has custody (Correction Law § 500-c; *see* County Law § 217; *see also Matter of New York State Commn. of Correction v Ruffo*, 157 AD2d 987, 988; *Burke v Warren County Sheriff's Dept.*, 916 F Supp 181, 184-187; *see generally Matter of County of Cayuga v McHugh*, 4 NY2d 609, 613, 615-616). We disagree with the court that the wrongful death cause of action was time-barred against the County. Because the wrongful death action could not be commenced until the appointment of an administrator of Trevell's estate to serve as guardian of Jalen's property (*see* SCPA 707 [1] [a]; 1001 [2], [6]; 1723 [1]), the statute of limitations was tolled until that appointment occurred on March 7, 2013 (*see Hernandez*, 78 NY2d at 693-695; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 24-27; *cf. Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571, 576-577; *see generally* CPLR 208; EPTL 5-4.1 [1]). Contrary to plaintiffs' contention, the court properly dismissed the remaining causes of action against the County in appeal No. 2 because it cannot be held vicariously liable for the negligent acts of the Sheriff or his deputies (*see Mosey v County of Erie*, 117 AD3d 1381, 1385; *Marashian v City of Utica*, 214 AD2d 1034, 1034; *see also Trisvan v County of Monroe*, 26 AD3d 875, 876, *lv dismissed* 6 NY3d 891).

With respect to defendants Sheriff and Undersheriff, we agree with plaintiffs in appeal No. 2 that the court erred in granting that part of defendants' motion dismissing as time-barred the first cause of action, for wrongful death, insofar as it is asserted by plaintiffs as administrators of Trevell's estate, and we therefore further modify the order accordingly. As explained above, that cause of action was timely commenced. The toll for wrongful death is inapplicable, however, to the second cause of action, for negligence (*see Heslin*, 14 NY3d at 76-78; *Baker*, 53 AD3d at 23), and thus the relevant statute of limitations is the one-year period of CPLR 215 (1). Consequently, when the complaint in appeal No. 2 was filed in July 2013, the negligence cause of action against the Sheriff and Undersheriff was time-barred.

We agree with plaintiffs in appeal No. 2, however, that the court erred in granting that part of defendants' motion seeking dismissal of the third cause of action, for federal civil rights violations, insofar as it is asserted by plaintiffs as administrators of Trevell's estate, against the Sheriff and Undersheriff, and we therefore further modify the order accordingly. The statute of limitations for that cause of action is three years and, thus, that cause of action was not time-barred (*see* CPLR 205, 214 [5]; *Owens v Okure*, 488 US 235, 237-239, 251). Finally, we agree with defendants in appeal No. 2 that the court properly granted their motion insofar as it sought dismissal of the fourth cause of action, for state civil rights violations, against the Sheriff and Undersheriff because the identified regulation, i.e., 9 NYCRR 7010.1, does not confer a private right of action (*see generally Powlowski v Wullich*, 102 AD2d 575, 582-583), and plaintiffs

did not make any state constitutional claims.