Freeland v Erie County (2020 NY Slip Op 04244)





Freeland v Erie County


2020 NY Slip Op 04244


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


64 CA 19-00438

[*1]GLENN FREELAND AND SUSAN FREELAND, AS ADMINISTRATORS OF THE ESTATE OF TREVELL WALKER, DECEASED, PLAINTIFFS-APPELLANTS,
v
ERIE COUNTY, TIMOTHY B. HOWARD, ERIE COUNTY SHERIFF AND MARK WIPPERMAN, ERIE COUNTY UNDERSHERIFF, DEFENDANTS-RESPONDENTS. 






KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-APPELLANTS. 
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY TOTH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 14, 2019. The order granted the motion of defendants for leave to reargue and, upon reargument, granted that part of defendants' motion seeking partial summary judgment dismissing the third cause of action against defendants Timothy B. Howard, Erie County Sheriff, and Mark Wipperman, Erie County Undersheriff. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendants' motion seeking partial summary judgment dismissing the third cause of action against defendants Timothy B. Howard, Erie County Sheriff and Mark Wipperman, Erie County Undersheriff and reinstating that cause of action against those defendants, and as modified the order is affirmed without costs.
Memorandum: This action arises from the suicide of Trevell Walker (Trevell) while he was incarcerated at the Erie County Holding Center. After an initial action was dismissed because plaintiffs improperly commenced the action in their capacity as guardians of Trevell's infant child (Freeland v Erie County, 122 AD3d 1348 [4th Dept 2014]), plaintiffs commenced the instant action both in their capacity as the child's guardians and as administrators of Trevell's estate (id.; Freeland v Erie County, 122 AD3d 1353 [4th Dept 2014]).
In 2013, defendants filed a motion seeking, inter alia, dismissal of the complaint in the instant action on various grounds, and Supreme Court granted that motion, dismissing the complaint in its entirety. In an earlier appeal, we modified that order by denying that motion in part and reinstating the wrongful death cause of action against defendant County of Erie (Erie County), defendant Timothy B. Howard, Erie County Sheriff (Sheriff), and defendant Mark Wipperman, Erie County Undersheriff (Undersheriff) insofar as it is asserted by plaintiffs as administrators of Trevell's estate (Freeland, 122 AD3d at 1350-1351). We also reinstated the third cause of action, for federal civil rights violations under 42 USC § 1983, insofar as it is asserted by plaintiffs as administrators of Trevell's estate, against the Sheriff and Undersheriff, concluding that the cause of action is not time-barred (id. at 1351).
Three years after our decision with respect to the 2013 motion, defendants moved for partial summary judgment seeking dismissal of the complaint against Erie County and dismissal of the cause of action for federal civil rights violations under 42 USC § 1983 against the Sheriff and Undersheriff, who were both sued solely in their official capacities. The court denied that motion in its entirety, concluding with respect to the section 1983 cause of action that our order reinstating that cause of action against the Sheriff and Undersheriff constituted the law of the case.
Defendants moved for leave to reargue only that portion of the court's order that denied the motion for partial summary judgment with respect to the section 1983 cause of action against the Sheriff and Undersheriff. They contended that our prior determination that the cause of action is not time-barred does not constitute the law of the case with respect to whether those defendants could be sued in their official capacities. Plaintiffs now appeal from an order in which the court granted the motion for leave to reargue and, upon reargument, granted that part of defendants' motion for partial summary judgment that sought dismissal of the section 1983 cause of action against the Sheriff and the Undersheriff.
Although we agree with defendants that the court properly granted the motion for leave to reargue, we agree with plaintiffs that the court erred in awarding defendants partial summary judgment dismissing the section 1983 cause of action against the Sheriff and Undersheriff.
"The doctrine of the law of the case applies only to issues that have been judicially determined" (Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc. [appeal No. 2], 24 AD3d 1229, 1231 [4th Dept 2005], citing Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]; see Matter of El-Roh Realty Corp., 74 AD3d 1796, 1798 [4th Dept 2010]). Despite the fact that defendants' motion in 2013 sought dismissal of the entire complaint, in that motion defendants did not contend that the section 1983 cause of action could not be asserted against the Sheriff and Undersheriff in their official capacities. Rather, defendants sought dismissal of the complaint on other grounds, and our decision in the prior appeal merely determined that the section 1983 cause of action is not time-barred (Freeland, 122 AD3d at 1351). We thus agree with defendants that the court was not required by the law of the case doctrine to deny that part of the motion seeking dismissal of that cause of action against the Sheriff and Undersheriff on grounds different from those addressed in our earlier decision. Due to the fact that the court " mistakenly arrived at its earlier decision' " to deny the motion insofar as it applied to the section 1983 cause of action, it properly granted defendants' motion for leave to reargue (Davis v Firman, 53 AD3d 1101, 1102 [4th Dept 2008]; see CPLR 2221 [d] [2]; Lahey v Lahey, 68 AD3d 1656, 1657 [4th Dept 2009]).
We nevertheless conclude that, upon reargument, the court erred in granting that part of defendants' motion seeking summary judgment dismissing that cause of action against the Sheriff and Undersheriff. We recognize that many federal cases hold that a section 1983 cause of action against government officials is redundant or duplicative when the complaint also asserts a section 1983 cause of action against the municipality (see e.g. Wierzbic v County of Erie, 2018 WL 550521, *6 [WD NY, Jan. 25, 2018, No. 13-CV-978S]; Stancati v County of Nassau, 2015 WL 1529859, *2 [ED NY, Mar. 31, 2015, No. 14-CV-2694(JS)(ARL)]; De Ratafia v County of Columbia, 2013 WL 5423871, *7 [ND NY, Sept. 26, 2013, No. 1:13-CV-174 (NAM/RFT)]). Inasmuch as our prior order reinstated the section 1983 cause of action against only the Sheriff and the Undersheriff, there is no existing section 1983 cause of action against a municipality, and the wrongful death cause of action against Erie County is not duplicative of the section 1983 cause of action against the Sheriff and Undersheriff. We thus conclude that the federal cases cited by defendants are distinguishable.
We agree with plaintiffs that in state court they can assert a section 1983 cause of action against a sheriff or undersheriff in his or her official capacity. Until 1989, New York Constitution, article XIII, section 13 (a) stated that counties could not be made responsible for acts of sheriffs. Although that provision was removed via amendment in 1989, that amendment merely granted counties the ability to assume liability if the they chose to do so (see generally Marashian v City of Utica, 214 AD2d 1034, 1034 [4th Dept 1995]). Erie County has not passed any legislation assuming such responsibility and, as a result, cannot be responsible for the acts of the Sheriff or Undersheriff (see Mosey v County of Erie, 117 AD3d 1381, 1385 [4th Dept 2014]). We thus conclude that the Sheriff and the Undersheriff are the proper defendants for the section 1983 cause of action.
"The gravamen of the cause of action pursuant to 42 USC § 1983 is deprivation of property without due process of law. The essential elements of the cause of action are conduct committed by a person acting under color of state law, which deprived the plaintiff of rights, privileges, or immunities secured . . . by the Constitution or laws of the United States' " (Bower Assoc. v Town of Pleasant Val., 304 AD2d 259, 262 [2d Dept 2003], affd 2 NY3d 617 [2004], quoting Parratt v Taylor, 451 US 527, 534, 535 [1981]; see DiPalma v Phelan, 81 NY2d 754, [*2]756 [1992]). The Sheriff has a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates' " (Farmer v Brennan, 511 US 825, 832 [1994]; see Reid v Nassau County Sheriff's Dept., 2014 WL 4185195, *8 [ED NY, Aug. 20, 2014, No. 13-CV-1192 (SJF)(SIL)]; see generally Frake v City of Chicago, 210 F3d 779, 781-782 [7th Cir 2000]). Here, plaintiffs' allegations that the Sheriff and Undersheriff failed to take measures to ensure the safety of the inmates from suicide are sufficient to state a viable cause of action under section 1983 (see Reid, 2014 WL 4185195 at *8; cf. Rivera v County of Westchester, 188 Misc 2d 746, 749-750 [Sup Ct, Westchester County 2001]). We thus conclude that the court erred in determining that the Sheriff and Undersheriff could not be sued in their official capacities, and we therefore modify the order by denying that part of the motion seeking partial summary judgment dismissing the third cause of action against the Sheriff and Undersheriff and reinstating that cause of action against them.
We do not address defendants' contention that a section 1983 cause of action can be asserted only for injunctive or prospective relief inasmuch as that contention is raised for the first time on appeal (see Detmer v Acampora, 207 AD2d 475, 476 [2d Dept 1994]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court