Freeland v Erie County (2022 NY Slip Op 02731)

Freeland v Erie County

2022 NY Slip Op 02731

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.

1092 CA 21-00181

[*1]GLENN FREELAND AND SUSAN FREELAND, AS ADMINISTRATORS FOR THE ESTATE OF TREVELL WALKER, PLAINTIFFS-RESPONDENTS,
v
ERIE COUNTY, TIMOTHY B. HOWARD, ERIE COUNTY SHERIFF, AND MARK WIPPERMAN, ERIE COUNTY UNDERSHERIFF, DEFENDANTS-APPELLANTS. 

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ANTHONY B. TARGIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 14, 2020. The order denied the motion of defendants for summary judgment dismissing the wrongful death cause of action. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: This action arises from the suicide of Trevell Walker (decedent) while he was incarcerated at the Erie County Holding Center. The facts and procedural history of this case are set forth in our decisions on the prior appeals (Freeland v Erie County, 122 AD3d 1348 [4th Dept 2014]; Freeland v Erie County, 122 AD3d 1353 [4th Dept 2014]; Freeland v Erie County, 185 AD3d 1490 [4th Dept 2020], lv dismissed 36 NY3d 1035 [2021]). Defendants now appeal from an order that denied their motion for summary judgment seeking dismissal of the wrongful death cause of action. We reject defendants' contention that Supreme Court erred in denying their motion.
As a preliminary matter, we agree with defendants that the doctrine of law of the case does not preclude their appellate contentions (see generally Matter of El-Roh Realty Corp., 74 AD3d 1796, 1798 [4th Dept 2010]) inasmuch as none of our prior rulings in this case "specifically addressed [defendants'] present contention[s]" (id.). We conclude, however, that defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law dismissing the wrongful death cause of action.
"The elements of a cause of action to recover damages for wrongful death are (1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent" (Chong v New York City Tr. Auth., 83 AD2d 546, 547 [2d Dept 1981]). Here, the first and fourth elements are undisputed.
With respect to the second element, and in particular the allegations against defendants Timothy B. Howard, Erie County Sheriff (Sheriff), and Mark Wipperman, Erie County Undersheriff (Undersheriff), concerning the adequacy of the mental health care received by decedent at the jail, defendants repeatedly contend either that "there is no record evidence" to support plaintiffs' claims or that plaintiffs "have provided no evidence" to support their claims. It is well settled that "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (Orcutt v [*2]American Linen Supply Co., 212 AD2d 979, 980 [4th Dept 1995]; see Rachlin v Michaels Arts & Crafts, 118 AD3d 1391, 1392 [4th Dept 2014]). As the movants, it was defendants' burden to establish that decedent's mental health care was appropriate or that his suicide was not reasonably foreseeable (see Iannelli v County of Nassau, 156 AD3d 767, 768 [2d Dept 2017]; see generally Gordon v City of New York, 70 NY2d 839, 840-841 [1987]).
Although defendants submitted records establishing that decedent received some level of mental health care at the jail, defendants failed to establish that such care was, in fact, adequate or that decedent's suicide was not reasonably foreseeable. Moreover, the self-serving affidavits of the Sheriff and Undersheriff about their lack of knowledge of decedent's care are insufficient to establish as a matter of law that they fulfilled their statutory mandate to "receive and safely keep" decedent, i.e., a "person lawfully committed to [their] custody" (Correction Law § 500-c [4]). Such self-serving affidavits raise "question[s] of credibility for the finder of fact, not the court, to resolve" (Wilson v Sponable, 81 AD2d 1, 5 [4th Dept 1981], appeal dismissed 54 NY2d 834 [1981]).
Defendants likewise failed to establish as a matter of law that defendant Erie County (County) fulfilled its statutory duty to maintain the county jail (see generally County Law § 217; Freeland, 122 AD3d at 1350). Defendants failed to submit any evidence addressing plaintiffs' allegations that substandard housing at the Erie County Holding Center was a proximate cause of decedent's wrongful death.
We further conclude that defendants failed to establish as a matter of law that they would not have been liable to decedent had his death not ensued (see EPTL 5-4.1 [1]). As noted above, defendants failed to establish the absence of a wrongful act, neglect or default and, as a result, there are triable issues of fact whether decedent would have had a viable action against defendants had he survived.
Inasmuch as defendants failed to meet their initial burden on the liability issues, the burden never shifted to plaintiffs to raise a triable issue of fact in opposition thereto (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
With respect to the element regarding pecuniary loss, defendants contend that as a matter of law decedent's sole distributee, i.e., his minor child, did not sustain such a loss. "Damages in a wrongful death action are, by statute, limited to 'pecuniary injuries' suffered by the distributees of [the] decedent's estate" (Parilis v Feinstein, 49 NY2d 984, 985 [1980], quoting EPTL 5-4.3 [a]).
"There are four elements of compensable loss encompassed by the general term 'pecuniary loss': (1) [the] decedent's loss of earnings; (2) loss of services each survivor may have received from [the] decedent; (3) loss of parental guidance from [the] decedent; and (4) the possibility of inheritance from [the] decedent" (Huthmacher v Dunlop Tire Corp., 309 AD2d 1175, 1176 [4th Dept 2003]; see EPTL 5-4.3). "It has long been recognized that pecuniary advantage results . . . from parental nurture and care, from physical, moral and intellectual training, and that the loss of those benefits may be considered within the calculation of 'pecuniary injury' " (DeLong v County of Erie, 89 AD2d 376, 386 [4th Dept 1982], affd 60 NY2d 296 [1983]).
"Generally, because it is difficult to provide direct evidence of wrongful death damages, the calculation of pecuniary loss 'is a matter resting squarely within the province of the jury' " (Milczarski v Walaszek, 108 AD3d 1190, 1190 [4th Dept 2013], quoting Parilis, 49 NY2d at 985). Here, defendants failed to establish as a matter of law that decedent's son had no reasonable expectation of future assistance or support from decedent (see generally Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]).
We have reviewed defendants' remaining contentions and conclude that none warrants reversal or modification of the order.
All concur except Carni, J., who is not participating.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court