Cappola v Tennyson Ct. (2024 NY Slip Op 04672)

Cappola v Tennyson Ct.

2024 NY Slip Op 04672

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

585 CA 23-00890

[*1]PATRICK CAPPOLA, AS PROPOSED EXECUTOR OF THE ESTATE OF ROSE CAPPOLA, DECEASED, PLAINTIFF-RESPONDENT,
v
TENNYSON COURT, TENNYSON COURT, LLC, SALEM BUFFALO, LLC, AND JAMES T. HANDS, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Amy C. Martoche, J.), entered May 9, 2023. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the complaint and granted plaintiff's cross-motion to amend the complaint to substitute Mark Cappola and Patrick Cappola, as the executors of the estate of Rose Cappola, as plaintiffs. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross-motion is denied, the motion is granted in its entirety, and the complaint is dismissed without prejudice.
Memorandum: This action for, inter alia, wrongful death and violations of Public Health Law §§ 2801-d and 2803-c was commenced by plaintiff as "Proposed Executor" of the estate of Rose Cappola (decedent). Defendants appeal from an order that, insofar as appealed from, denied in part their motion to dismiss the complaint and granted plaintiff's cross-motion to substitute the executors of decedent's estate as the named plaintiffs. We reverse.
An action for wrongful death may be maintained by "[t]he personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees" (EPTL 5-4.1 [1]). Similarly, an action for injury to a person or property "may be brought . . . by the personal representative of the decedent" (EPTL 11-3.2 [b]). As relevant here, "personal representative" is defined in EPTL 1-2.13 as "a person who has received letters to administer the estate of a decedent."
Here, as a "[p]roposed" executor who had not obtained letters to administer decedent's estate, plaintiff was not a personal representative within the meaning of the Estates, Powers and Trusts Law at the time the action was commenced and thus did not have standing to commence an action on behalf of decedent's estate (see Freeland v Erie County, 122 AD3d 1348, 1349-1350 [4th Dept 2014]; Yates v Genesee County Hospice Found., 278 AD2d 928, 928 [4th Dept 2000], lv denied 96 NY2d 714 [2001]; see generally Carrick v Central Gen. Hosp., 51 NY2d 242, 252-253 [1980]). Thus, we agree with defendants that Supreme Court erred in granting plaintiff's cross-motion to substitute as plaintiffs the executors of decedent's estate inasmuch as "[s]ubstitution . . . is not an available mechanism for replacing a party . . . who had no right to sue with one who has such a right" (Matter of C & M Plastics [Collins], 168 AD2d 160, 162 [3d Dept 1991]; see generally National Fin. Co. v Uh, 279 AD2d 374, 375 [1st Dept 2001]).
We further agree with defendants that the court erred in denying that part of their motion [*2]seeking to dismiss the complaint on the ground that the action was brought by a party without standing (see Freeland, 122 AD3d at 1349-1450). We therefore grant the motion in its entirety and dismiss the complaint without prejudice to recommence the action pursuant to CPLR 205 (a) (see Carrick, 51 NY2d at 252-253; Yates, 278 AD2d at 928-929).
In light of our determination, we do not address defendants' remaining contentions.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court